UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Frederick Lee Irons,

Petitioner,

vs.                                    REPORT AND RECOMMENDATION

Marty Anderson, Warden,

Respondent.          Civ. No. 06-5062 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of Frederick Lee Irons for a Writ of Habeas Corpus under Title 28 U.S.C. § 2241.  For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although the Rules
(continued...)

II.  <u>Factual and Procedural Background</u>

In November of 1999, the Petitioner pled guilty to Federal criminal charges that had been brought against him in the United States District Court for the Southern District of Illinois.  He was sentenced to 240 months in Federal prison, to be followed by a five-year term of supervised release.  The Petitioner is currently serving his prison sentence at the Federal Medical Center, in Rochester, Minnesota. See, <u>Petition</u>, <u>Docket No. 1</u>, at p. 2.

After the Petitioner was convicted and sentenced, he filed a direct appeal in the United States Court of Appeals for the Seventh Circuit, which challenged the sentence that was imposed following his guilty plea.  The Petitioner's arguments were rejected on their merits, and his conviction and sentence were affirmed.  See, <u>United States v.</u> <u>Irons</u> ("<u>Irons I</u>"), 5 Fed.Appx. 516 (7th Cir. 2001), cert. denied, 534 U.S. 1104 (2002).

The Petitioner later filed a Motion in the Trial Court, seeking relief under Title 28 U.S.C. §2255.  See, <u>Docket No. 1</u>, App. H.  In that Motion, the Petitioner asserted

---

[1](...continued)
governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. § 2241.  Rule 1(b); <u>Mickelson v. United</u> <u>States</u>, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n. 1 (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

multiple grounds for relief, and claimed that his guilty plea should be set aside, because the Trial Court did not adequately verify that the Petitioner was entering his plea "knowingly and voluntarily," as required by Rule 11, <u>Federal Rules of Criminal Procedure</u>. <u>Id.</u>, at p. 5A. The Petitioner also claimed that he had been deprived of his constitutional right to effective assistance of counsel, during the plea proceedings, as well as throughout his direct appeal.

The Trial Court denied the Petitioner's Section 2255 Motion "with prejudice," in a fifteen-page Memorandum and Order dated March 29, 2004. <u>Id.</u>, App. I. The Petitioner's Motion was denied, and the Petitioner sought further review of his Section 2255 claims by filing a "Motion for Reconsideration," under Rule 59(e), Federal Rules of Civil Procedure, see, <u>Id.</u>, App. J., but that Motion also was denied by the Trial Court. The Petitioner then attempted to appeal those rulings to the United States Court of Appeals for the Seventh Circuit, but he was unable to obtain a Certificate of Appealability from either the Trial Court, or the Court of Appeals. See, <u>Apps. K, M, and N</u>. The Petitioner's application for certiorari was denied by the United States Supreme Court on October 3, 2005, see, <u>Irons v. United States</u> ("<u>Irons II</u>"), ---- U.S. ----, 126 S.Ct. 165 (2005), and his subsequent Petition for a Rehearing was denied on

November 28, 2005, see, <u>Irons v. United States</u> ("<u>Irons III</u>"), ---- U.S. ----, 126 S.Ct. 722 (2005).

The Petitioner returned to the Trial Court, and filed a new Motion, purportedly brought under Rule 60(b), Federal Rules of Civil Procedure, which sought relief from the Order that had previously denied his Section 2255 Motion. The Trial Court treated the Petitioner's Motion as a second, or successive, Section 2255 Motion. The Motion was summarily denied on January 4, 2006, because the Petitioner had not obtained a pre-authorization Order from the United States Court of Appeals for the Seventh Circuit, as required by Title 28 U.S.C. §2255, at ¶8, and §2244(b)(2). See, <u>Docket No. 1</u>, <u>App. R</u>. The Petitioner challenged that ruling in yet another Motion, assertedly brought pursuant to Rule 59(e), Federal Rules of Civil Procedure, and that Motion was denied on June 14, 2006. See, <u>Docket No. 1</u>, <u>App. S</u>. The Petitioner sought appellate review of the denial of those Motions, see, <u>Id.</u>, <u>App. Z</u>, but the United States Court of Appeals for the Seventh Circuit denied his request for a Certificate of Appealability on October 13, 2006. <u>Id.</u>, <u>App. Y</u>.

The Petitioner is now attempting to challenge his sentence -- once again -- in his current Habeas Corpus Petition, under Title 28 U.S.C. §2241. In this Petition, the

Petitioner again claims that his conviction should be set aside because of his "actual innocence," as well as the invalidity of his guilty plea.  See, <u>Petition</u>, at ¶9.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner cannot properly raise his current challenge to his sentence by means of a Habeas Corpus Petition, under the provisions of Title 28 U.S.C. §2241.

## III.  Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  See, <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, --- U.S. ---, 125 S.Ct. 2984 (2005).  The fifth paragraph of Section 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his

conviction or sentence.  See, <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").

No Court has jurisdiction to hear such a challenge, under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986), quoting <u>Title 28 U.S.C. §2255</u>; see also, <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983)(same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see, <u>Abdullah v. Hedrick</u>, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of the sentence imposed following his Federal criminal conviction in 1999.  Therefore, the Court finds that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current

claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is determined to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion under Section 2255. Then, the matter can be transferred to the Trial Court in order that the prisoner's claims can be addressed on the merits there. In this case, however, the Petitioner is precluded from seeking relief under Section 2255, because he has already filed a Section 2255 Motion in the Trial Court. Any new Section 2255 proceeding, that the Petitioner might now wish to pursue, would have to be treated as a "second or successive" application for relief which, under the Anti-terrorism and Effective Death Penalty Act, could not be entertained by the Trial Court without the prior approval of the United States Court of Appeals for the Seventh Circuit. See, Title 28 U.S.C. §2244(b) (3); Title 28 U.S.C. §2255, at ¶8.[2]

---

[2]As pertinent, Title 28 U.S.C. §2255, ¶8, provides as follows:

> A second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(continued...)

- 7 -

Without a pre-authorization Order, from the appropriate Court of Appeals, a Trial Court cannot exercise jurisdiction over a second or successive Section 2255 Motion.  See, Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also, Boykin v. United States, 242 F.3d 373, 2000 WL 1610732 at *1 (8th Cir., October 30, 2000)[Table Decision]; Torres v. Sendowski, 316 F.3d 147, 152 (2nd Cir. 2003); Robinson v. Johnson, 313 F.3d 128, 140 (3rd Cir. 2002); United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999).  Since the Petitioner has not obtained a pre-authorization Order from the United States Court of Appeals for the Seventh Circuit, the Trial Court may not entertain a new Section 2255 Motion at this time.  Id.  As a result, it would

---

[2](...continued)

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In turn, as relevant, Title 28 U.S.C. §2244(b)(3) provides:

> (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

be inappropriate to construe the present Habeas Corpus Petition as a Section 2255 Motion, and then attempt to transfer the matter to the Trial Court in which the Petitioner was convicted and sentenced.

It also appears that any Section 2255 Motion, that the Petitioner might attempt to bring before the Trial Court at this time, would be time-barred under the one-year statute of limitations applicable to Section 2255 Motions.  See, Title 28 U.S.C. §2255 (6).  For this additional reason, it would be inappropriate to construe the current Petition as a Section 2255 Motion, and then transfer it to the Trial Court.

Furthermore, it appears that the Petitioner may have deliberately elected to seek relief under the Section 2241 Habeas Statute, based on a belief that the remedy provided by Section 2255 is "inadequate or ineffective to test the legality" of his conviction and sentence.  Apparently, he erroneously believes that his current Petition is exempt from Section 2255's exclusive remedy because of the savings clause, and that he can challenge his sentence in a Habeas proceeding, because he is not presently eligible for relief under Section 2255.  Such reasoning, however, is misguided.

The procedural rules that limit the availability of relief under Section 2255 would be rendered meaningless if a prisoner, who is procedurally barred from bringing a Section 2255 Motion, could simply argue that the remedy provided by that

statute has become "inadequate or ineffective," and that he should, therefore, be allowed to bring his claims in a Section 2241 Habeas Corpus Petition.  Congress could not have intended that the procedural limitations, on Section 2255 Motions, could be so easily avoided.  Accordingly, our Court of Appeals has held that Section 2255 will not be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion, * * *  or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)[citations omitted]; see also, Abdullah v. Hedrick, supra at 959; United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002)(reaffirming that Section 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on Section 2255 Motions), Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition.").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of

a fundamental defect in his conviction or sentence because the law changed" after he had an opportunity to seek relief under Section 2255.  In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  In other words, "[Section] 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a Section 2241 Habeas Corpus Petition, "where a petitioner had any opportunity to present his claim beforehand."  Abdullah v. Hedrick, supra at 963.

Here, it is plain that the Petitioner's current claims cannot be brought under Section 2241, because those claims could have been raised -- and, indeed, by all appearances were raised -- in his prior Section 2255 Motion.  Therefore, he cannot claim that Section 2255 was "inadequate or ineffective" simply because he previously failed to pursue those claims, or because he is dissatisfied with the decisions rendered in his prior judicial proceedings. See, United States v. Lurie, supra at 1077-78; see also, Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)("[T]he §2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255 [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate"); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)("[T]he remedy afforded by §2255 is not rendered

inadequate or ineffective merely because an individual has been unable to obtain relief under that provision * * * or because an individual is procedurally barred from filing a § 2255 motion"); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996) ("'Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964), and <u>Overman v. United States</u>, 322 F.2d 649, 650 (10th Cir. 1963).

Finally, we recognize that the Petitioner attempts to overcome the Section 2255 exclusive remedy rule by arguing that he is "actually innocent" of the sentence he received. However, the Petitioner's "actual innocence" argument is foreclosed by the holding in <u>Abdullah v. Hedrick</u>, supra. There, our Court of Appeals held that an actual innocence argument, by itself, does not automatically invoke the Section 2255 savings clause. <u>Id.</u> at 963. An actual innocence argument can be raised in a Section 2241 Habeas Petition only if the Petitioner never had a prior opportunity to raise that argument. <u>Id.</u> at 960 ("§2255 was not inadequate or ineffective to raise Abdullah's claim because * * *  regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim").

Here, as in <u>Abdullah v. Hedrick</u>, supra, the Petitioner had a prior opportunity to present his actual innocence arguments on direct appeal, or in his previous Section 2255 Motion. Therefore, his claimed actual innocence will not overcome Section 2255's exclusive remedy provision. As our Court of Appeals noted in <u>Abdullah v. Hedrick</u>, supra at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999):

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

As in <u>Abdullah</u>, the Petitioner has already had at least one, if not more, opportunities to litigate his actual innocence argument, and accordingly, he is not entitled to another one.

Since the "inadequate or ineffective remedy" exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges his 1999 Federal criminal conviction cannot be entertained here. See, <u>Bauer v. Ashcroft</u>, 2003 WL 541692 at *2 (D. Minn., February 19, 2003). Accordingly, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See, <u>DeSimone v. Lacy</u>, supra at 323-24 (Section 2241 Habeas Petition

challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that a Section 2255 Motion was an inadequate or ineffective remedy); Abdullah v. Hedrick, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed for lack of jurisdiction.


Dated: January 4, 2007                    /Raymond L. Erickson
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE  JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 22, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 22, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.